ISHEE, J.,
dissenting:
¶ 35. With respect to the majority, I must dissent. Mississippi Department of Employment Security (MDES) and Darby first argue that the Yalobusha County Circuit Court erred when it found the Board of Review’s decision was not supported by substantial evidence. Respectfully, I disagree. The circuit court, along with the claims examiner and the administrative judge (AJ), found that Trent Howell’s conduct never created an offensive work environment after the reconciliation meeting between Darby and Trent and his wife (collectively, the Howells).
¶ 36. The circuit court was of the opinion that the MDES Board of Review had totally failed to consider the totality of the evidence contained in the record. The circuit court noted a fair and unbiased reading of the record revealed that the Board of Review had considered only the part of the record favorable to Darby.
¶ 37. The majority alleges that, because the Board of Review is the ultimate fact-finder, the circuit court was acting outside the scope of its authority. I disagree. Although it is true that the Board of Review’s decision is binding on the circuit court when supported by substantial evidence, the circuit court is allowed to find the ruling as being arbitrary or capricious. If the circuit court believes the ruling of the Board is unsupported by substantial evidence, the court most certainly has the authority to overturn the decision. Similarly, if this Court finds the circuit court’s ruling was unsupported by substantial evidence, we have the authority to overturn its decision.
¶ 38. The majority takes objection with the fact that the circuit judge applied a federal southern district of Mississippi case in reviewing the decision of the Board of Review. The circuit judge applied the three-prong test from Loftin-Boggs v. City of Meridian, 633 F.Supp. 1323, 1326 (S.D.Miss.1986). In Loftin-Boggs, the federal district court stated sexual harassment includes unwelcome sexual advances, request for sexual favors, and other verbal and physical conduct of a sexual nature when (1) submission to such conduct is made a condition of continued employment; (2) submission to or rejection of such conduct is used as the basis for employment decision affecting the employee; or (3) such conduct has as its purpose or effect the creation of an offensive work environment. Id.
¶ 39. The majority is of the opinion that, had the circuit judge used the test applied in Hoerner Boxes, Inc. v. Mississippi Employment Security Commission, 693 So.2d 1343, 1348 (Miss.1997), a different result would have been reached. I disagree. The Mississippi Supreme Court’s test in Hoemer-Boxes for evaluating whether or not there was substantial evidence in support of the Board of Review’s decision includes: (1) was there a hostile work environment which a reasonable person in the same situation would be unable to perform his or her job, and *835 eventually leave his or her job and (2) was there any conduct by the plaintiff in which she participated or contributed to the sexual overtones and harassment encountered which would make the treatment received unhostile.
¶ 40. The circuit judge found that there was nothing in the record which reflected an affair beyond mutual flirtation between the parties; there was no request for sexual favors, no inappropriate touching, no expression of verbal terms, and no inappropriate words; therefore, no offensive work environment was created.
¶41. Furthermore, the record clearly shows, and the circuit judge duly noted, that Darby had already planned to quit her job; and she had made these plans prior to her alleged harassment. The circuit judge found that Darby had encouraged a friend to apply for her job and that Trent was a good employer. Also, the circuit judge correctly found the incidents which Darby complained of that occurred after the 2006 reconciliation meeting were precipitated by Darby and her actions as an employee.
¶42. The first phone call that Darby complains of was made by Trent to Darby’s dentist. Trent claimed that he was searching for Darby because she had failed to pick up some files from work. These files were supposed to be picked up by Darby and brought to the courthouse. The uninvited visit by Trent to Darby’s house was made in order to retrieve files that Darby had failed to turn in to the chancery clerk’s office-a duty that Darby normally undertook. The second phone call placed by Trent was made to Darby’s beautician. Trent placed this call after seeing a car similar to Darby’s outside of the parlor and after Darby had called into work because she was sick. It was after learning about this second phone call that Darby decided to leave her employment with the firm.
¶ 43. Darby further claims that because this is a sexual-harassment case, it is only necessary to show that a reasonable person, under the same circumstances, would have left their employment. As noted above, the circuit judge found that there was nothing in the record which reflected an affair beyond flirtation. I agree with the circuit court which found a fair and unbiased reading of the record clearly shows the Board of Review failed to consider all of the evidence in the record; therefore, the Board of Reviews’s reversal of the AJ’s decision was erroneous.
¶ 44. Respectfully, I dissent.
KING, C.J., JOINS THIS OPINION.